UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIRSHA BROWN,

    Plaintiff,

v.   Case No:   6:14-cv-1162-Orl-22TBS

PRO MAG ENERGY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff Kirsha Brown's application to proceed in district court without prepaying fees or costs, which the court construes as a motion to proceed *in forma pauperis*.  (Doc. 2).  On July 28, 2014, I deferred ruling on the motion to proceed *in forma pauperis*, advised Plaintiff that her complaint was insufficient to support any cause of action, and gave her through August 18, 2014 to file an amended complaint.  (Doc. 3 at 2).  Plaintiff filed her amended complaint on July 31, 2014 (Doc. 4) and due to its insufficiency, on August 19, 2014, I recommended that the complaint be dismissed and Plaintiff be given twenty-one days to file one final amended complaint. (Doc. 5).  Plaintiff amended her complaint on August 26, 2014 (Doc. 7) and on September 2, 2014, the district judge terminated my pending report and recommendation as moot in light of the newly filed amended complaint.   (Doc. 8).

In the July 28th order and August 18th report and recommendation, I explained to Plaintiff that an individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the

Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's amended complaint alleges that she became employed by Defendant on July 14, 2014. (Doc. 7 at 2). While on the job, she was ridiculed and insulted regarding her criminal background. (Id.). This led Plaintiff to conclude that a co-worker had conducted a criminal background check on her without her written consent and then disclosed the information about Plaintiff's convictions to other employees. (Id.). Plaintiff believes the criminal background check was made without the knowledge of Defendant's owner. (Id.).[1] Plaintiff says she was forced to resign on July 16, 2014 and that Defendant has failed to pay her for 8 ½ hours worked. (Id. at 3). Despite her allegations, I find that Plaintiff has failed to articulate an actionable claim.

1. Fair Credit Reporting Act

Plaintiff alleges that Defendant conducted an "illegal criminal background check without [her] written consent" in violation of FCRA, which the Court assumes is a reference to the Fair Credit Reporting Act, 15 U.S.C. § 1681. (Id. at 3). "The purpose of FCRA is to ensure accuracy and fairness of credit reporting." Pinson v. Wagner & Hunt, No. 12-81158-CIV, 2013 WL 2158432, at *2 (S.D. Fla. May 17, 2013). Plaintiff has failed to allege: (a) the particular provision(s) of the FCRA she contends Defendant violated, (b) that the statute gives consumers a private right of action, or (c) that Defendant's alleged conduct (obtaining a criminal background check without her written consent) is an actionable offense under the statute. Therefore, I respectfully recommend the district court find that Plaintiff has failed to state a claim under FCRA.

2. Unpaid Wages

Plaintiff alleges that Defendant violated the Fair Labor Standards Act (FLSA) by

---

[1] Plaintiff originally alleged that the background check was only performed because she is of African-American descent (Doc. 4 at 2), but she has abandoned that claim in the second amended complaint.

- 3 -

failing to compensate her for 8 ½ hours of compensable work time accrued prior to her resignation on July 16, 2014.   (Doc. 7 at 3). Title 29, United States Code § 216(b) permits an employee to maintain an action against any employer, on behalf of herself and other similarly situated employees, for unpaid minimum wages and unpaid overtime compensation in violation of the FLSA.   The Act provides:

> Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS § 206 (unpaid minimum wage) or 207 (unpaid overtime compensation)] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages ... An action to recover the liability [under the Act] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated.

29 U.S.C. § 216(b).   To bring a claim for unpaid minimum wages or unpaid overtime compensation, a plaintiff must allege, among other things that she is "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce."   29 U.S.C. § 206(a), 207(a)(1).   Plaintiff has failed to allege that she was engaged in commerce or that her employer was "an enterprise engaged in commerce or in the production of goods for commerce."   Plaintiff has also failed to identify the section(s) of the statute upon which her claim is based.   Therefore, I respectfully recommend the district court find that Plaintiff has failed to state a claim under the FLSA.

   3.   FED. R. CIV. P. 10

Plaintiff must allege her claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10.   This has

been explained to Plaintiff (Doc. 3 at 2; Doc. 5 at 2), but her complaint still consists of unnumbered paragraphs.

Therefore, I respectfully recommend that:

1. Plaintiff's Second Amended Complaint (Doc. 7) be **DISMISSED**;

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**; and

3. The Clerk be directed to **CLOSE** the case file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 3, 2014.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    *Pro se* Plaintiff
    Counsel of Record